Filed 3/24/21  P. v. A.E. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>A.E.,<br><br>    Defendant and Respondent. | D078264<br><br><br>(Super. Ct. No. RIJ1800511) |

APPEAL from a judgment of the Superior Court of Riverside County, Roger A. Luebs, Judge.  Affirmed.

Michael A. Hestrin, District Attorney, and Sophia Choi, Deputy District Attorney, for Plaintiff and Appellant.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Respondent.

Proposition 57, which voters approved in 2016, eliminated a district attorney's ability to directly file charges in criminal court against minors 14 years old or older at the time of the alleged crime, requiring juvenile court approval before prosecuting such cases in criminal court.  In 2018, the Legislature amended provisions of Proposition 57 by enacting Senate Bill

No. 1391 (2017-2018 Reg. Sess.) (Senate Bill 1391), which prohibits the transfer of 14- and 15-year-old offenders to criminal court in nearly all circumstances. The People argue Senate Bill 1391 is unconstitutional because it is inconsistent with and does not further the intent of Proposition 57.

After briefing on this matter concluded, the Supreme Court issued its opinion in *O.G. v. Superior Court of Ventura County* (Feb. 25, 2021, S259011) ___ Cal.5th ___ [2021 WL 728368] (*O.G.*), in which it concluded that Senate Bill 1391 was a constitutional amendment to Proposition 57. (*O.G.,* at p. *3.) We are bound by this decision (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["The decisions of th[e Supreme C]ourt are binding upon and must be followed by all the state courts of California"]), and we will accordingly affirm the juvenile court's order imposing a juvenile disposition.

## BACKGROUND

The facts of the offense are not probative of the issue presented by this appeal. Accordingly, we take the following procedural facts from our previous opinion, *People v. Eredia* (Nov. 8, 2019, D075170, D075888 [nonpub. opn.]).[1]

In 2016, A.E. was convicted of murder (Pen. Code, § 187, subd. (a)) and robbery (*id.*, § 211). A.E. was 15 years old at the time of the murder, and the court sentenced him to an indeterminate term of 25 years to life.

A.E. appealed, and in 2018, this court conditionally reversed the convictions in light of Proposition 57, remanding the matter to the trial court with directions to send the case to the juvenile court for a transfer hearing. (*People v. Anthony E.* (May 10, 2018, D073276) [nonpub. opn.].)

---

[1] We grant the People's request for judicial notice.

On remand, the juvenile court determined A.E. was not suitable for juvenile treatment and sent the case back to criminal court. Thereafter, the court reinstated the judgment and sentence.

In September 2018, the Governor signed Senate Bill 1391 (Stats. 2018, ch. 1012, § 1), effective January 1, 2019. The trial court declined to apply Senate Bill 1391 to A.E.'s case.

A.E. appealed, contending Senate Bill 1391, which prevents transfer from juvenile court for juveniles under age 16, had to be applied retroactively to cases not final on appeal, including his. He argued his sentence should be vacated and he should be treated as a juvenile adjudication, a contention with which the Attorney General agreed. We concluded the parties had correctly agreed that Senate Bill 1391 must be applied retroactively, and we remanded the case with directions to return the case to juvenile court for an appropriate disposition under Senate Bill 1391. (*People v. Eredia*, *supra*, D075170, D075888.)

After we issued our decision, the People filed a Welfare and Institutions Code[2] section 602 petition against A.E. for murder and robbery. On March 5, 2020, the People moved to transfer A.E. to criminal court on the ground that Senate Bill 1391 was unconstitutional. On April 8, 2020, the People asked to suspend proceedings pending the outcome of the Supreme Court's decision in *O.G. v. Superior Court* (2019) 40 Cal.App.5th 626, a request the court denied.

On June 22, 2020, the People filed a request that the juvenile court find Senate Bill 1391 unconstitutional and asked the court to reinstate A.E.'s prison sentence. The juvenile court denied the request. Instead, it adjudged

---

2      Further statutory references are to the Welfare & Institutions Code, unless otherwise specified.

3

A.E. a ward of the court and committed him to the Division of Juvenile Justice. The People timely appealed.

## DISCUSSION

### A. Proposition 57 and Senate Bill 1391

Prior to 1995, children under the age of 16 could not be transferred to criminal court. (*O.G.*, *supra*, 2021 WL 728368 at *p. 1; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305.) In 1995, California began permitting the transfer of some 14- and 15-year-old offenders to criminal court. (See, e.g., § 707, former subds. (d), (e), as amended by Stats. 1994, ch. 453, § 9.5; *O.G.*, at p.*1.) In 2000, voters passed Proposition 21, which gave prosecutors discretion to charge minors aged 14 and older directly in criminal court. (§ 707, former subd. (d), repealed by Prop. 57, § 4.2.) Then, in 2016, the public passed Proposition 57, which "largely returned California to the historical rule" of keeping youth offenders in juvenile court. (*Lara*, at p. 305; *O.G.*, at p. *2.)

Proposition 57 amended the Welfare and Institutions Code to require prosecutors to seek transfer to criminal court for felony offenses committed by minors age 16 and older. (§ 707, subd.(a)(1).) It permitted transfer requests for 14- and 15-year-old offenders only for specified serious or violent offenses. (§ 707, former subd. (a)(1), as amended by Prop. 57, § 4.2.) Proposition 57's stated intent was to protect and enhance public safety, save money by reducing wasteful spending on prisons, prevent federal courts from indiscriminately releasing prisoners, stop the revolving door of crime by emphasizing rehabilitation, especially for juveniles, and require a judge, not a prosecutor, to decide whether juveniles should be tried in adult court. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 57, § 2 (2016 Voter Guide).)

4

Proposition 57 allowed for amendment of its provisions as long as the amendments were consistent with and furthered its intent, and as long as the amendments were passed by a majority of each house of the Legislature and signed by the Governor. (2016 Voter Guide, *supra*, text of Prop. 57, § 5, p. 145.) In 2018, the Legislature passed Senate Bill 1391 (Stats. 2018, ch. 1012, § 1), which became effective January 1, 2019. (*O.G.*, *supra*, 2021 WL 728368 at p. *2.) "Senate Bill 1391 amended Proposition 57 by eliminating the transfer of juveniles accused of committing crimes when they are 14 or 15 years old, unless they are first apprehended after the end of juvenile court jurisdiction. (See § 707, subd. (a)(1)-(2), as amended by Stats. 2018, ch. 1012, § 1.)" (*O.G.*, at p.*2.)

### B. Forfeiture

A.E. asks us to treat the challenge to Senate Bill 1391's constitutionality as forfeited because it was not raised at the earliest possible opportunity in this case. The People argue that the question of Senate Bill 1391's constitutionality is appropriately before us now because its constitutionality was not previously considered by this court.

They argue they did not previously raise the issue because it was not necessary, as A.E. had not yet been deemed fit for juvenile adjudication and Senate Bill 1391 was not applied to A.E.'s situation until the disposition order the People now appeal. The People also argue, for the same reason, that the question of its constitutionality was not relevant before now.

We exercise our discretion to address the merits of the People's challenge. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 [permitting constitutional challenge to probation condition based on pure question of law].)

## C. Constitutional Challenge

The People challenge the amendments created by Senate Bill 1391, contending they are not consistent with and do not further Proposition 57's intent to protect public safety and to have judges and not prosecutors determine juvenile eligibility for criminal court by eliminating prosecutors' ability to seek transfer of violent 14- and 15-year-old offenders to criminal court.

First, the People argue Senate Bill 1391 is inconsistent with and does not further the intent of Proposition 57 because it restricts all 14- and 15-year-old offenders from being eligible for transfer to criminal court. They recognize that Proposition 57 intended to retain some portion of 14 and 15 year olds in juvenile court but contend the inability to seek transfer of any 14- or 15-year-old offender is inconsistent with the proposition allowing for such transfers. The People also argue that in addition to this being inconsistent with the proposition's language, the inability to transfer any 14 or 15 year olds fails to further the proposition's enumerated intent to protect public safety. As an example, the People note A.E.'s crime was so horrific, the court initially sentenced him to an indeterminate sentence of 25 years to life in criminal court, and the juvenile court subsequently determined A.E. unfit for juvenile adjudication.

The Supreme Court addressed these concerns in *O.G* and concluded Senate Bill 1391 is "consistent with and furthers the proposition's public safety purpose" (*O.G.*, *supra*, 2021 WL 728368 at p. *4) because it could be construed to promote public safety and reduce crime by " 'increas[ing] the number of youth offenders who will remain in the juvenile justice system and avoid prison where the chance of recidivism is higher.' " (*Id.* at p. *5, quoting *B.M. v. Superior Court* (2019) 40 Cal.App.5th 742, 756.) The Supreme Court

6

further noted that section 1800 permits a prosecutor to petition to extend juvenile court jurisdiction past the age of 25 in situations where the offender " 'would be physically dangerous to the public.' " (*O.G.*, at p. *5, citing § 1800, subd. (a).)  Thus, there are other avenues available to address concerns about particular offenders.  (*O.G.*, at p. *5.)

The People also contend that Senate Bill 1391 does not further Proposition 57's fifth intent, to require a judge instead of a prosecutor to decide if juveniles should be tried in adult court.  Under the process imposed by Proposition 57, only a juvenile court could decide if a minor could be transferred to and tried in criminal court.  But following Senate Bill 1391, judges no longer retained decision-making authority.

However, the Supreme Court explained that "under a reasonable construction of Proposition 57, Senate Bill 1391 is consistent with and furthers the purpose of requiring 'a judge, not a prosecutor, to decide whether juveniles should be tried in adult court' " because the proposition's requirement that a judge make transfer decisions was not to confer a new power on judges or to ensure that 14 and 15 year olds would be subject to criminal prosecution, but to restrain prosecutorial discretion.  (*O.G.*, *supra*, 2021 WL 728368 at pp. *6-7.)  So, while Senate Bill 1391 " 'narrows the class of minors who are subject to review by a juvenile court for potential transfer to criminal court,' " because the judge, and not the prosecutor, continues to make the decision regarding transfers for those eligible, it is consistent with Proposition 57.  (*O.G.*, at pp. *7-8.)  In other words, under the amendments created by Senate Bill 1391, the power to transfer a juvenile remains with the judge, not the prosecutor.  (*O.G.*, at p. *7.)

The People note that when provisions of a statutory amendment are consistent with some primary intents of the initiative but inconsistent with

7

others, they are unconstitutional.  But as the Supreme Court noted, even if the People have "a different view as to whether Senate Bill 1391 advances public safety or Proposition 57's procedural scheme," we presume the Legislature acted within its authority, and we uphold the legislation if we can say, by any reasonable construction, that the statute furthers the purposes of the proposition.  (*O.G.*, *supra*, 2021 WL 728368 at p. *11, quoting *Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1256.)  Here, "under a reasonable construction of Proposition 57, Senate Bill 1391 is consistent with and furthers each of the proposition's enumerated purposes." (*O.G.*, at p. *11.)

## DISPOSITION

The juvenile disposition is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

GUERRERO, J.

8